UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

MICHAEL BRACKETT,

            Defendant.

23-cr-392 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The defendant, Michael Brackett, has moved to amend the conditions of his pretrial release to remove the condition that his travel be limited to the continental United States. See ECF No. 13. The defendant seeks to be permitted to reside in Switzerland, where he has a residence and a visa to work at a company, Perpetual Services AG located in Zug, Switzerland, where he has been Managing Director/CEO since November, 2022. See ECF No. 14-2. The application is **denied**.

I.

The defendant has been charged with certain securities fraud and wire fraud offenses and presents some risk of flight, but the defendant has been released subject to various conditions that are the "least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance" of the defendant as required. See 18 U.S.C. §3142(c)(1)(B). Among the factors of concern for the defendant's continuing appearance, according to the Pretrial Services

1

Report, is that the defendant has a history of alcohol abuse, a history of alcohol-related arrests and convictions, and a violation of a condition of release on a state charge. One of the least restrictive conditions of his pretrial release is that the defendant surrender his passport and that the defendant's travel be limited to the continental United States.

The defendant's request to live in Switzerland would be an unreasonable extension of the current conditions of his pretrial release. It would undercut the conditions of the defendant's release that assure the defendant's continuing presence as required including the conditions that the defendant not use alcohol, undergo drug testing as required by the Pretrial Services Officer, and participate in a program of substance abuse therapy if required by the Pretrial Services Officer. While the defendant offered to continue drug treatment abroad, see ECF No. 14, there is no reasonable way for the Pretrial Services Officer to monitor the defendant's conduct if the defendant resides in Switzerland.

## II.

Requiring the defendant to reside in the United States is not an unreasonable burden on the defendant. According to the Government, when the defendant arrived in the United States on July 20, 2023, he informed the Customs and Border Protection agents that he had been in Mexico for the prior six weeks and

intended to stay in the United States for at least another four weeks. His employment agreement with his current firm indicates that the defendant can work from home and that it "will be necessary to travel extensively . . . outside Switzerland and Europe (in particular the United States) as part of his role . . . ." ECF No. 14-2. In addition, the defendant reported to Pretrial Services that he is involved in "day-trading" and there is no showing that this activity could not be performed electronically from the United States.

In short, there is no basis to eliminate the reasonable term that the defendant reside in the continental United States. The application to reside in Switzerland is **denied**.

### Conclusion

For the reasons explained above, the defendant's motion to amend the conditions of his pretrial release to travel to and from Switzerland is **denied**.

SO ORDERED.

Dated:  New York, New York
        October 25, 2023

                                        _____
                                        John G. Koeltl
                                        United States District Judge